# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1467

_____

Regions Bank

*Plaintiff*

v.

ArbertDella Lamb

*Defendant - Appellee*

v.

Nancy Hampton, Administratrix for the Estate of Willie Townsel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: July 18, 2017
Filed: August 10, 2017
[Unpublished]

_____

Before WOLLMAN, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Willie Townsel died intestate on April 4, 2014, leaving a checking account at Regions Bank (Regions), with a balance of about $81,000. The account was allegedly held in both his name and that of his sister, ArbertDella Lamb. Regions' policy is to treat persons named on a multi-party personal account as owning the account funds as joint tenants with right of survivorship, and accordingly Regions placed the account in Lamb's name alone shortly after her brother's death. Nancy Hampton, Townsel's daughter and the administratrix of his estate, claimed ownership of the proceeds. Regions brought this Federal Rule of Civil Procedure 22(a) interpleader action, seeking to have the district court[1] resolve Lamb's and Hampton's competing claims to the account funds, and the two cross-claimed for declaratory judgment. The district court granted Lamb's motion for summary judgment and directed the funds be distributed to her. Hampton appeals.

Hampton makes three arguments on appeal: (1) the district court improperly relied on pleadings in Regions' complaint, treating them as evidence; (2) there was insufficient evidence that Lamb's name was on the account; and (3) the existence of a remaining fact issue rendered improper summary judgment on Hampton's constructive-trust theory. As to the first argument, Hampton is correct that the district court cited to pleadings in Regions' *verified* complaint as support for its finding that Lamb's name was on the account. However, "[a] verified complaint is the equivalent of an affidavit for summary-judgment purposes." Williams v. Adams, 935 F.2d 960, 961 (8th Cir. 1991). Furthermore, the pleadings in question were made by Regions, the stakeholder who has no claim to the funds in question other than the costs and fees of litigation. We therefore reject the argument that the district court's reliance on Regions' complaint constitutes reversible error. As to Hampton's remaining two

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

arguments, our review of the district court's order reveals no clearly erroneous factual findings or errors of law.  Accordingly, we affirm.  See 8th Cir. R. 47B.

_____